IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL CALLAGHAN                                                                                    PLAINTIFF

v.                                            No. 4:10CV01049 JLH

DEPARTMENT OF VETERANS AFFAIRS,
Eric K. Shinseki, Secretary, *et al*.                                                          DEFENDANTS

## OPINION AND ORDER

Michael Callaghan has filed a complaint and an amended complaint naming as defendants Eric K. Shinseki, Secretary of the Department of Veterans Affairs; Donna Edwards; Sandra J. Grinder; Jane W. Duke, United States Attorney for the Eastern District of Arkansas; and Eric E. Holder, Jr., United States Attorney General. Each of the defendants has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct.

1955, 1969, 167 L. Ed. 2d 929 (2007) (overruling language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. at 1964-65 (citations omitted). Nevertheless, a *pro se* pleading must be liberally construed and should be held to a less stringent standard than one drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Although the complaint and amended complaint are not easy to decipher, it appears that Callaghan is attempting to allege that his employer, the Department of Veterans Affairs, discriminated against him because of his national origin and because of his sex. He is a male who alleges in his complaint that he was born in New Zealand but gave up New Zealand citizenship in order to work for the Central Arkansas Veterans Healthcare System. Callaghan attached to his original complaint a notice of a final agency decision or order by the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication. That final order is dated June 1, 2010, and finds against Callaghan on his claims of employment discrimination. That document also notified Callaghan that he had a right to appeal the decision within 30 days to the Equal Employment Opportunity Commission, Office of Federal Operations or file a civil action in the appropriate United States District Court within 90 days. It appears that he did not appeal to the EEOC. Instead, on July 23, 2010, he filed a complaint that appears to have been a draft of his appeal. In fact, the

document was entitled "Appeal," but that title has been stricken through by hand and the title "Complaint" written by hand as the title of the document. The document, however, continues to read like an appeal. The amended complaint appears to be the same document except that the cover page has added Eric E. Holder, Jr., Jane Duke, Sandra J. Grinder, and Donna Edwards as defendants, and the title has been typed "Complaint" rather than handwritten.

Congress has extended the protections of Title VII to employees of the federal government so that employees of agencies of the executive branch "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). That same statute authorizes a civil action by an employee within 90 days of receipt of notice of a final action taken by an agency. 42 U.S.C. § 2000e-16(c). However, the only proper defendant in a case alleging employment discrimination by a federal agency is the head of the agency. *Id.*; *Williams v. Chu*, 641 F. Supp. 2d 31, 34 (D.D.C. 2009); *Bunda v. Potter*, 369 F. Supp. 2d 1039, 1048 (N.D. Iowa 2005). *See also Morgan v. United States Postal Serv.*, 798 F.2d 1162, 1165 n.3 (8th Cir. 1986); *McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984).

Neither Eric E. Holder, Jr., Jane Duke, Sandra J. Grinder, nor Donna Edwards is the head of the agency for which Callaghan works. Neither Jane Duke nor Eric E. Holder, Jr., has any connection to the Department of Veterans Affairs. Holder is the Attorney General of the United States. Duke is the United States Attorney for the Eastern District of Arkansas. No allegations against either of them appear anywhere in the complaint. Grinder and Edwards appear from the complaint and the final agency decision attached to the complaint to be supervisors in the Department of Veterans Affairs. It appears that Callaghan is alleging that Grinder and Edwards

engaged in some discriminatory action against him. Nevertheless, neither of them is a proper defendant because neither is the head of the agency for which Callaghan works.

The only proper defendant in this case is Eric K. Shinseki, Secretary of the Department of Veterans Affairs. Shinseki has moved to dismiss the complaint because nowhere does Callaghan allege how the alleged discriminatory actions were related to his sex or national origin. Even using the less stringent standards that apply to *pro se* pleadings, the Court agrees with Shinseki. The complaint alleges no facts that would tend to show that the actions of which Callaghan complains were taken because of his sex or national origin. Therefore, the complaint and amended complaint fail to state a claim upon which relief may be granted for discrimination based on sex or national origin and should be dismissed. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1049 (8th Cir. 2010).

For the reasons stated, the motions to dismiss are granted. Documents #6, #8, #10, #12, and #14. The complaint and amended complaint against Donna Edwards, Sandra J. Grinder, Jane W. Duke, and Eric E. Holder, Jr., is dismissed with prejudice. The complaint and amended complaint against Eric K. Shinseki in his capacity as Secretary of the Department of Veterans Affairs is dismissed without prejudice.

IT IS SO ORDERED this 2nd of December, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE