**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MICHAEL CALLAGHAN                                                                                          PLAINTIFF

v.                                              No. 4:10CV01049 JLH

DEPARTMENT OF VETERANS AFFAIRS,
Eric K. Shinseki, Secretary, *et al*.                                                                  DEFENDANTS

**OPINION AND ORDER**

Michael Callaghan commenced this action against numerous defendants alleging employment discrimination on the basis of gender and national origin. The Court granted the defendants' Rule 12(b)(6) motions for dismissal and dismissed the action without prejudice. The Court construed Callaghan's motion for reconsideration as a motion for leave to amend the complaint and granted it. Callaghan has now filed a second amended complaint against Eric K. Shinseki, Secretary of the Department of Veterans Affairs. In this complaint, Callaghan has left out any reference to his national origin. The Department has moved for summary judgment and Callaghan has responded.

As the Court noted in its order of dismissal, the complaint and amended complaint were not easy to decipher. This assessment, alas, also applies to Callaghan's second amended complaint. Callaghan alleges that he was not promoted to the position of Bar Code Medication Administrator Coordinator because of his sex. Callaghan also alleges that he was treated disparately and subjected to a hostile work environment on account of his sex.

**I.**

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in discrimination cases where claims are often based on inferences. *Peterson v. Scott Cnty.*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases). But see *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## II.

"To establish a prima facie failure-to-promote claim, a plaintiff ordinarily must show 'he or she applied for the promotion and was rejected.'" *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, 1135 (8th Cir. 2006) (citing *Lockridge v. Bd. of Trs. of Univ. of Ark.*, 315 F.3d 1005, 1010 (8th Cir. 2003) (en banc)). However, failure to pursue the position may not forestall a suit where the employer's discriminatory practices make application futile. *Id.* at 1136. Callaghan originally

applied for the Bar Code Medication Administrator Coordinator position but then retracted his application. Callaghan explained that "as part of a conversation" he heard from an unspecified associate chief nurse "that Sheila Sullivan and Sandra Grinder has spoken about selecting Lisa Eisele for the BCMA Coordinator position." Callaghan rejected an offer to interview for the position. Based on this evidence, no reasonable fact finder could conclude that continuing to pursue the BCMA Coordinator position would have been futile. Therefore, Callaghan cannot establish a prima facie case of failure to promote because of discrimination based on sex.

### III.

To establish a prima facie case of sex discrimination, Callaghan must prove that he: (1) is a member of a protected class; (2) was qualified for his job; (3) suffered an adverse employment action; and (4) alleged facts that give rise to an inference of gender or national origin discrimination. *Norman v. Union Pac. R.R. Co.*, 606 F.3d 455, 460-61 (8th Cir. 2010). Callaghan meets the first and second elements.

Callaghan's supervisor, Ms. Sandra Grinder, lowered his interpersonal skills rating to "satisfactory" from "outstanding" on one of his proficiency reports stating that Callaghan used his "email in a manner that others have found offensive/inappropriate." In the report, Grinder went into specifics without ever varying from a professional, objective tone. Callaghan offers no evidence that other, similarly-situated female employees were given better reviews or that his review has any negative impact on his career. Callaghan was moved to a smaller officer that he shared with another employee and which he alleges had poor air circulation. Callaghan concedes that he was moved because he prior office was in an area planned for renovations. After a period of between a few days

and a few weeks, he was moved to an office which was larger than both prior offices.[1]  Callaghan testified that he did not know where other employees affected by the remodeling were moved and he offers no evidence that he was treated differently from female employees.

Callaghan also alleges that Donna Edwards, a Deputy Nurse Executive, did not provide him with a promised reference which he needed to pursue his master's degree.  Callaghan testified that he asked for the reference in October of 2008.  He then made an appointment with Edwards two days before the date he was to turn in the reference.  According to Callaghan, Edwards told him he could pick up the reference from her in the morning or else she would put it in his mailbox.  However, he never received it.  Beyond conclusory allegations, Callaghan offers no evidence that female employees were treated differently or that Edwards failure to provide a reference was a result of sex-based discrimination.

Callaghan testified that he was denied access to "menus and keys" which prevented him from performing Automatic Data Processing Application Coordinator duties.  Callaghan concedes that he did not fill this position but contends that the acting ADPA Coordinator shared her duties with him. Callaghan testified that, unlike him, another female employee, Lisa Eisele, who also performed ADPA Coordinator duties, received her "menus and keys."  He concedes that he was able "to go to" Eisele "and have her do those functions" which required the "menus and keys."  Finally, Callaghan alleges that he performed ADPA Coordinator duties before or after his normal work.  He complains that, instead of being praised for these efforts, he was criticized for not seeking prior approval on each occasion he remained at the facility past his normal shift.  Callaghan contends that it would be "very difficult" to obtain prior approval before working outside of his scheduled tour of duty.  He

---

[1] Callaghan could not recall how long he was remained in the small office.

4

offers no evidence that the requirement that he obtain prior authorization was applied selectively to him or that it was based on his sex.

Grinder's negative comments on Callaghan's proficiency report and criticisms regarding his failure to obtain approval before staying at the facility past his scheduled shift times do not constitute adverse employment actions. *Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1028 (8th Cir. 2004) (citing *Spears v. Mo. Dept. of Corr. and Human Res.*, 210 F.3d 850, 854 (8th Cir. 2000)); *Breeding v. Arthur J. Gallagher and Co.*, 164 F.3d 1151, 1157 (8th Cir. 1999) (criticizing an employee for work deficiencies does not amount to an adverse employment action). Similarly, the inconvenience of a temporary assignment to a smaller office with poor air circulation does not satisfy the "adverse employment action" prong of the prima facie case. *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1078-79 (8th Cir. 2010); *Haynes v. Reebaire Aircraft, Inc.*, 161 F. Supp. 2d 985, 990 (W.D. Ark. 2001) ("Changes in duties or working conditions that cause no materially significant disadvantage, such as reassignment, are insufficient to establish the adverse conduct required to make a prima facie case.") (citing *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994)). To the extent this move was adverse, it lasted no more than a few weeks and, therefore, was trivial. *See Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006); *Baker v. John Morrell & Co.*, 382 F.3d 816, 829 (8th Cir. 2004) ("not everything that makes an employee unhappy is an actionable adverse action."). Additionally, Edward's alleged failure to provide Callaghan with a reference is probably not an adverse employment action. *Mackie v. U.S. Mfg., Inc.*, No. C03-85-LRR, 2005 WL 1532545, *17 (N.D. Iowa June 29, 2005) ("An employer has no duty to write letters of recommendation. . ."). Indeed, since Callaghan was not the ADPA Coordinator, the denial of access to the "menus and keys" also

was not an adverse employment action. *Enowmbitang v. Seagate Tech., Inc.*, 148 F.3d 970, 973-74 (8th Cir. 1998) ("Adverse employment action is that which materially alters the terms or conditions of the plaintiff's employment. [The defendant's] failure to provide [the plaintiff] a computer does not rise above a 'mere inconvenience' and therefore does not constitute an adverse employment action; whether [the defendant] wishes to give its technicians specific pieces of equipment is a business decision that is not susceptible to judicial oversight.") (internal citations omitted). Consequently, Callaghan fails or likely fails to establish the third element of his prima facie case regarding all the conduct about which he complains.

For all but one of Callaghan's allegations, he fails to offer even a scintilla of evidence that similar female employees were treated differently or that the actions were a result of discrimination based on sex.[2] Callaghan testified that a female coworker was given "menus and keys" while he was not. Proof that similarly situated employees outside the protected class were treated differently raises an inference of discrimination. *See Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 934 (8th Cir. 2006). If Grinder's refusal to provide Callaghan with "menus and keys" was an adverse employment action, then Callaghan's testimony may raise an inference of discrimination based on gender. However, Callaghan categorically fails to raise such an inference with respect to his other allegations.

The Department offers legitimate, nondiscriminatory reasons for its actions. Grinder testified that both Callaghan and Eisele were performing the same ADPA Coordinator work causing

---

[2] For this reason, Callaghan also would be unable to raise a question of fact as to whether the explanations for these actions, articulated in the Department's brief, are pretextual. *See Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 521 (8th Cir. 2010).

"duplicate efforts." Grinder stated that Callaghan told her that he was overwhelmed with his duties and so she asked Eisele to continue to perform the ADPA Coordinator work and asked Callaghan to discontinue these duties. She also testified that she gave some of these duties to a male staff member. Callaghan offers no evidence rebutting this testimony, indicating that these proffered explanations have no basis in fact, or tending to establish that discrimination based on gender more likely motivated Grinder. *Anderson*, 606 F.3d at 521. Thus, Callaghan cannot establish pretext.

## IV.

"Hostile work environment claims are limited in nature, requiring a high evidentiary showing that the plaintiff's workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' " *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 550 (8th Cir. 2007) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)); *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, 1194 (8th Cir. 2006). To establish his prima facie case, Callaghan must prove: (1) that he was a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Vajdl*, 484 F.3d at 550.

Callaghan meets the first element since he is male. Grinder's negative comments about Callaghan on his proficiency report and criticisms about working when not scheduled without obtaining prior approval do not amount to harassment. *Spears*, 210 F.3d at 855 (citing *Tork v. St. Luke's Hosp.*, 181 F.3d 918, 919 (8th Cir. 1999) (unfavorable evaluations did not make conditions

intolerable) and *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 575 (8th Cir. 1997) (special scrutiny and criticism of employee's conduct did not make conditions intolerable)). Similarly, Callaghan's temporary relocation because of remodeling, inability to get a timely reference, and denial of "menus and keys" for ADPA Coordinator duties do not constitute harassment. *See Gartman v. Gencorp, Inc.*, 120 F.3d 127, 130 (8th Cir. 1997) (transfer to different facility where employee's title, pay, and benefits remained constant did not create intolerable environment). Further, Callaghan offers no evidence that any of the complained about conduct was connected to his sex or affected his employment.[3] Even if it believed Callaghan's testimony, no reasonable jury could conclude that this conduct caused his work environment to be permeated with severe or pervasive intimidation, ridicule, and insult so as to render it intolerable.

Callaghan also alleges in his complaint that on one occasion "a mob of staff [made] derogatory comments outside [his] office" and that they were made at his expense and were "very distasteful." Callaghan, however, offers no admissible evidence, not even an affidavit, substantiating this claim. Further, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Breeding*, 164 F.3d at 1158. Nor has Callaghan offered any evidence showing a causal nexus between this incident and his gender. Indeed, he does not even allege that the derogatory comments were explicitly sexual. *C.f. Noble v. Monsanto Co.*, 973 F. Supp. 849, 854-55 (S.D. Iowa 1997) ("The mere fact that incidents of harassment are vulgar or explicitly sexual in nature does not, without more, mean the harassment is necessarily based on gender."). Callaghan's evidence simply

---

[3] Except Callaghan's allegation that a female coworker was given "menus and keys." Although this may be some evidence of disparate treatment, it is not the sort of conduct which renders a working environment intolerable.

does meet the "demanding harassment standards" which a court must apply when considering hostile work environment claims. *Al-Zubaidy v. TEK Indust., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the Department of Veterans Affairs' motion for summary judgment is granted. Document #29. Michael Callaghan's second amended complaint is dismissed with prejudice.

IT IS SO ORDERED this 25th of April, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE